IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHAN L. BURTON,

                Petitioner,                OPINION AND ORDER

v.

                                                      22-cv-688-wmc

DYLON RADTKE,

                Respondent.

Petitioner Stephan L. Burton filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2018 convictions in Dane County Case No. 2017CF1905. The court dismissed one of Burton's claims in its preliminary review of the petition under Rule 4 and ordered a response to the remaining claim of ineffective assistance of trial counsel. Respondent Dylon Radtke has since moved to dismiss Burton's petition, contending that his ineffective assistance claim cannot be reviewed by habeas writ in federal court because the state appellate court's rejection of that claim rests on its determination of a state-law issue. (Dkt. #10.) For the following reasons, this court agrees.

BACKGROUND

In Dane County Case No. 2017CF1905, a jury convicted Burton on two counts of second-degree sexual assault of an unconscious victim as a repeater, along with three misdemeanor counts. The circuit court then sentenced Burton to a bifurcated 24-year sentence, consisting of 11 years of initial confinement in prison followed by 13 years of extended supervision.

Burton filed a motion for postconviction relief in the state circuit court, unsuccessfully arguing that trial counsel was ineffective by failing to object to the instruction the jury received on the definition of "unconscious" and to request a narrower definition referring to heavy sleep. Next, the Wisconsin Court of Appeals affirmed that ruling, concluding that counsel was not deficient because "the instruction the jury received was accurate and consistent with the definition of the term 'unconscious' that was adopted in" *State v. Curtis*, 144 Wis. 2d 691, 424 N.W.2d 719 (Ct. App. 1988), and reaffirmed in subsequent cases. *State v. Burton*, 2022 WI App 19, ¶¶ 6-8, 974 N.W.2d 51. Finally, the Wisconsin Supreme Court denied Burton's petition for review.

ANALYSIS

Petitioner renews his claim that trial counsel should have objected to the jury instruction defining the element of unconsciousness. (Dkt. #1 at 5.) However, claims of ineffective assistance of counsel are governed by the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires petitioner to show both that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was prejudiced as a result of the deficient performance.

Thus, the success of petitioner's ineffective assistance claim depends on whether the instruction the jury received was proper. If it was, then counsel's "failure" to object could not be a professionally unreasonable. *See Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010) ("we will not fault counsel as ineffective for failing to advance a position under state law that the state appellate court said was meritless"); *Williams v. Carter*, 85 F.Supp.2d 837, 840 (N.D. Ill. 1999) ("It is not deficient performance to fail to raise an argument

2

with no real chance of success or where the objection would have been properly overruled if it had been made.").

Here, petitioner cannot show that the state appellate court unreasonably applied clearly established federal law because the appellate court's decision was based on a resolution of *state* not federal law.  See *Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019) (petitioner must show that the state court's decision was "an unreasonable application of federal law—not a state court's resolution of a state law issue").  As noted, the Wisconsin Court of Appeals concluded that trial counsel's performance was not deficient for failing to object to the jury instruction because the instruction was consistent with the definition of "unconscious" adopted in previous Wisconsin cases.  *Burton*, 2022 WI App 19, ¶ 6.  Specifically, the court of appeals relied on *Curtis*, 144 Wis. 2d at 695-96, a state law case that examined the definition as used in the relevant statute of conviction, and *State v. Schultz*, 2007 WI App 257, ¶ 22, 306 Wis. 2d 598, 743 N.W.2d 823, which affirmed that definition.  *Id.* ¶¶ 7-8.  The court also noted that the Wisconsin Supreme Court similarly defined the term in *State v. Pittman*, 174 Wis. 2d 255, 496 N.W.2d 74 (1993).  *Id.* ¶ 8.

Petitioner points out in response that the right to effective assistance of counsel is a federal constitutional right, but the only way for this court to grant him habeas relief would be to overrule the Wisconsin Court of Appeals on a matter of state law, which this court has no authority to do.  See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law "binds a federal court sitting in habeas corpus"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determination on state-law questions").  Because the state court

concluded that trial counsel was not deficient as a matter of state law, this court cannot review petitioner's ineffective assistance claim. *See Kimbrough*, 941 F.3d at 881-82 (the state court's conclusion that it would have been futile for counsel to raise a state-law sentencing issue on appeal was not subject to revision by the federal courts); *Harper v. Brown*, 865 F.3d 857, 861 (7th Cir. 2017) (state court's *Strickland* ruling rested on an application of state law not subject to habeas review); *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016) (federal habeas court cannot review ineffective assistance claim where state court concluded that, as a matter of state law, it would have been futile for counsel to raise the objection); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) (state court's conclusion that it would have been futile as a matter of state law for counsel to contest the length of petitioner's sentence on appeal was not subject to federal habeas review).[1]

The only remaining question on habeas review is whether to grant petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

---

[1] In state court, petitioner also argued that trial counsel was ineffective by failing to request a lesser included offense instruction for fourth-degree sexual assault. *Burton*, 2022 WI App 19, ¶ 1. To the extent petitioner intended to raise that claim as well, it is subject to dismissal for the same reason: the Wisconsin Court of Appeals concluded that trial counsel's failure to request the instruction was not deficient as a matter of state law because it is unsettled, at best, whether fourth-degree sexual assault is a lesser included offense of second-degree sexual assault of an unconscious victim. *Id.* ¶ 14.

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this court finds that no reasonable jurists would debate whether petitioner's claim is subject to federal habeas review, no certificate of appealability will be issued. Of course, petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1) Respondent Dylon Radtke's motion to dismiss (dkt. #10) is GRANTED and petitioner Stephan L. Burton's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2) Petitioner is DENIED a certificate of appealability, although he may still seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 3rd day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge